931 F.2d 63
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Lorin O. ROBINSON, Plaintiff-Appellant,
v.
SEARS, ROEBUCK AND COMPANY, INC., a New York corporation,
Charles O'Brien, Defendants-Appellees.
 No. 90-4143.
 United States Court of Appeals, Tenth Circuit.
 April 22, 1991.
 
 1
 Before STEPHEN H. ANDERSON and TACHA, Circuit Judges, and KANE,* District Judge.
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 KANE, Senior District Judge.
 
 
 4
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 5
 Plaintiff appeals from a district court order granting summary judgment in favor of defendants, his former corporate employer and immediate supervisor. Specifically, the district court rejected plaintiff's claims for (1) unpaid overtime compensation due under the Fair Labor Standards Act, 29 U.S.C. Sec. 201, et seq., (2) breach of an implied contract to pay plaintiff on a salaried rather than hourly basis, (3) maintenance of a work environment hostile to plaintiff because of his active religious affiliation, in violation of Title VII, 42 U.S.C. Sec. 2000e, et seq., (4) denial of immediate payment of pension benefits upon resignation from employment, in violation of the Employee Retirement Insurance Security Act, 29 U.S.C. Sec. 1001, et seq., and (5) common law fraud in connection with plaintiff's decision to resign.
 
 
 6
 We review the district court's grant of summary judgment de novo, applying the same legal standard used by the district court under Fed.R.Civ.P. 56(c). Green v. Henley, 924 F.2d 185, 186 (10th Cir.1991). Summary judgment is proper if "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); see Green, 924 F.2d at 186.
 
 
 7
 We reach substantially the same conclusions as the district court on all but the third claim asserted by plaintiff.[1] In this latter regard, the district court held that the evidence showed only "that religious discrimination was, at best, an insignificant element in the conflict between [plaintiff] Robinson and [defendant] O'Brien," and, consequently, plaintiff had failed to establish a triable issue of religious discrimination. District Court's Memorandum Decision and Order at 20-22. Upon examining the factual record and all reasonable inferences to be drawn therefrom in the light most favorable to the nonmoving party, Green, 924 F.2d at 186, we cannot agree with this assessment. Plaintiff's deposition testimony, relating malicious, vitriolic religious slurs and attendant threats allegedly directed at plaintiff by defendant O'Brien, clearly permits an inference that O'Brien's increasingly adverse conduct toward plaintiff was animated by religious enmity. That is not to say, of course, that the trier of fact must ultimately accept plaintiff's version of the events surrounding his employment and resignation; we hold only that, on the record before us, summary judgment was not proper on the basis expressed by the district court.
 
 
 8
 The judgment of the United States District Court is AFFIRMED in all respects except insofar as it denied plaintiff's claim for religious discrimination. The latter ruling is REVERSED, and the cause is REMANDED for further proceedings.
 
 
 
 *
 Honorable John L. Kane, Senior District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 We note that our analysis of plaintiff's allegations regarding the misrepresentation of pension benefit availability differs somewhat in focus from that of the district court. We do not decide whether plaintiff did, in fact, rely upon such a misrepresentation in electing to resign from employment, since we hold that, as a matter of law, such reliance would have been unjustified in any event. See generally Larson v. Wycoff Co., 624 P.2d 1151, 1155-56 (Utah 1981); Petty v. Gindy Mfg. Corp., 404 P.2d 30, 32 (Utah 1965)